UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| NICHOLAS WADE SPILLERS, ET AL. | CIVIL ACTION NO. 11-2163 |
| VERSUS | JUDGE S. MAURICE HICKS. JR. |
| CHEVRON USA INC., ET AL. | MAGISTRATE JUDGE HAYES |

**MEMORANDUM ORDER**

Before the Court are two Magistrate Appeals (Record Documents 42 and 44). The first appeal was filed by defendants Chevron U.S.A. Inc. ("Chevron") and Union Oil Company of California ("Union Oil"). See Record Document 42. The second appeal was filed by defendants Nadel and Gussman-Jetta Operating Company and GPM, Inc. See Record Document 44.[1] Defendants appeal from Magistrate Judge Hayes' Judgment of Remand, which remanded the above-captioned action to the 4th Judicial District Court for the Parish of Ouachita, State of Louisiana. See Record Document 41. The remand was based on Magistrate Judge Hayes' conclusion that the non-diverse plaintiff, PDS Lands, LLC, had been properly joined as a plaintiff in this matter. See Record Document 40 at 12-18.

Plaintiffs in this matter filed suit in state court, alleging that several tracts of land in which they have various property interests have been contaminated or otherwise damaged by defendants' oil and gas exploration. Defendants removed the matter to federal court on the sole basis of diversity jurisdiction. While there was not complete diversity on the face of the petition, defendants argued that plaintiff PDS Lands, LLC ("PDS Lands") and

---

[1] Plaintiffs argue that the appeal of defendants Nadel and Gussman-Jetta Operating Company and GPM, Inc. was not filed within the 14 day window set forth in Rule 72 and LR 74.1(W). This argument appears to have merit; however, the Court will consider the appeal, as it simply adopts the arguments set forth in the timely filed appeal of defendants Chevron and Union Oil.

defendant River Bend Energy Corporation ("River Bend") were improperly joined. Plaintiffs disagreed and filed a motion to remand based on lack of subject matter jurisdiction.

In her ruling, Magistrate Judge Hayes found "that the plaintiffs have no reasonable possibility of recovery against defendant River Bend" and concluded that defendants had met their burden of establishing improper joinder as to defendant River Bend. Record Document 40 at 11-12. No party has challenged Magistrate Judge Hayes' findings and/or rulings as to River Bend.[2] Yet, the finding as to defendant River Bend was not dispositive of the motion to remand, as Magistrate Judge Hayes still had to consider whether the non-diverse plaintiff PDS Lands had been improperly joined. See id. at 12.

Defendants argued that the citizenship of PDS Lands was designed for the sole purpose of defeating diversity jurisdiction and asked the court to infer some sort of fraud on the part of plaintiffs. Defendants noted that PDS Lands was assigned an interest in the property at issue in this matter shortly before the suit was filed. Moreover, they pointed out that the donation of an interest in PDS Lands by plaintiff Paul Spillers to his son Ryan Spillers, a California citizen, had the effect of destroying diversity. Defendants' argument took the form of a collusive assignment claim. Thus, Magistrate Judge Hayes applied the collusive assignment doctrine, which arises under 28 U.S.C. § 1359.[3] See id. at 13.

---

[2]Magistrate Judge Hayes also denied defendants' motion to strike the affidavits of plaintiffs' expert Greg Miller. See Record Document 40 at 4-7. The affidavits were attached to the plaintiffs' motion to remand. See id. Again, no party has challenged Magistrate Judge Hayes' ruling as to the motion to strike.

[3]The collusive assignment doctrine is based on 28 U.S.C. § 1359, which provides:

A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court.

Magistrate Judge Hayes analyzed both Kramer v. Caribbean Mills, 394 U.S. 823, 89 S.Ct. 1487 (1969) and Grassi v. Ciba-Geigy PLC, 894 F.2d 181 (5th Cir. 1990), in her ruling. See Record Document 40 at 13-18. Citing Kramer, Magistrate Judge Hayes observed that unlike improper joinder, the collusive assignment doctrine allows the court to consider the plaintiff's motive to manipulate diversity jurisdiction. See id. at 13-14. Magistrate Judge Hayes then went on to discuss Grassi:

> Although Section 1359, and Kramer by extension, only reference attempts to *create* federal jurisdiction, subsequent cases have applied the collusive joinder doctrine to situations where a plaintiff uses an assignment to *defeat* jurisdiction. The defendants here heavily rely on one of these cases, Grassi v. Ciba-Geigy, 894 F.2d 181 (5th Cir. 1990). . . . Relying on Kramer, the Fifth Circuit [in Grassi] affirmed the district court's denial of remand, finding that "federal district courts have both the authority and the responsibility, under 28 U.S.C. §§ 1332 and 1441, to examine the motives underlying a partial assignment which destroys diversity and to disregard the assignment in determining jurisdiction if it be found to have been made principally to defeat removal." Id. at 185.

Record Document 40 at 14-15.

With these legal standards in mind, Magistrate Judge Hayes considered Paul Spillers' affidavit, wherein he explained the supposed reasoning behind the creation of PDS Lands, the acquisition of a five percent interest in eight of the twenty-three tracts at issue in this case, and the donation of a five percent membership interest to each of his two children, Ryan and Sarah Spillers. See id. at 15. After examining the affidavit, Magistrate Judge Hayes distinguished the instant matter from Grassi:

> The instant case, however, can be distinguished from Grassi. First of all, the interest assigned to PDS Lands was not an interest in a claim but rather an interest in real property. The Grassi court was clearly concerned with the implication of misconduct when an interest in an actual claim is assigned on the eve of filing suit. See Grassi, 894 F.2d at 185. . . . Grassi's extension of Section 1359 and Kramer stands on much stronger ground when viewed in this light.

Id. at 15-16.  Magistrate Judge Hayes further noted that the analogy to Section 1359 and Kramer was also weakened in this case because the initial assignment itself did not destroy diversity.  See id. at 16.  Rather, it was plaintiff Paul Spillers' donation to his son Ryan, a California citizen, that destroyed diversity.  See id.

Based on the foregoing, Magistrate Judge Hayes declined to extend Grassi, and thus further extend Section 1359 and Kramer, to the types of transactions in this case.  See id. at 17.  Moreover, she held that even if the court were to have extended Grassi and questioned the motives behind the transactions, the defendants, who bear the burden of demonstrating federal jurisdiction, could not meet their burden to prove that the transactions were made principally to defeat diversity.  See id.  The affidavit of plaintiff Paul Spillers offered reasons for both the assignment and donation that were credible enough to survive scrutiny at this stage.  See id. at 17-18.  Finally, Magistrate Judge Hayes limited her ruling to the facts of the instant case, stating:

> Of course, there may certainly be situations where transactions like the ones here are more clearly intended to defeat diversity.  But in this case, where plausible reasons were offered, the transactions were between close family members, and the only real evidence offered by the defendants is the timing of the transactions and the small interest conveyed, the undersigned is unwilling to infer improper conduct on the part of the plaintiffs.  For these reasons, the defendants have not met their burden to establish that removal jurisdiction exists on the basis of diversity, and the motion to remand is GRANTED.

Id. at 18.  Magistrate Judge Hayes also denied defendants' request for discovery on the motives underlying the transactions at issue, as she determined that Grassi should not be extended and/or applied to the circumstances of this case.  See id. at 18, n. 10.

Magistrate Judge Hayes' Judgment of Remand was a non-dispositive matter.[4] The action taken in the Judgment of Remand is not listed in 28 U.S.C. § 636(b)(1)(A) as one of the dispositive motions (often referred to as the "excepted motions") that a magistrate judge may not decide. Magistrate Judge Hayes' Judgment of Remand was not a recommendation to the district court; rather, it was an order from the magistrate judge on a non-dispositive matter than requires the district court to uphold the ruling unless it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); see also Castillo v. Frank, 70 F.3d 382, 385 (5th Cir.1995) and Perales v. Casillas, 950 F.2d 1066, 1070 (5th Cir.1992). This Court will review Magistrate Judge Hayes' legal conclusions de novo, and will review her factual findings for clear error. See Choate v. State Farm Lloyds, No. 03–2111, 2005 WL 1109432, *1 (N.D.Tex. May 5, 2005).

On appeal, defendants Chevron and Union Oil argue that Magistrate Judge Hayes misapplied Grassi, accorded undue weight to plaintiff Paul Spillers' affidavit, and erred in denying defendants' request for discovery. See Record Document 45-1 at 7-17. This Court will first focus on the application of Grassi. "[T]he issue of whether [an] assignment was improperly or collusively made is to be resolved as a simple question of fact." Grassi, 894 F.2d at 186, citing Bass v. Texas Power & Light Co., 432 F.2d 763, 766–767 (5th Cir.1970). "Clear error exists when although there may be evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake

---

[4] In the Fifth Circuit, a Magistrate Judge may rule on a motion to remand as long as review of the ruling by the district court is not foreclosed. See Escuadra v. Geovera Specialty Ins. Co., 739 F.Supp.2d 967, 971–972 (E.D.Tex.2010). Here, the undersigned notes that the Judgment of Remand specifically allowed an appeal to the District Judge and further stayed the Judgment of Remand until any appeal to the District Judge was decided. See Record Document 41.

has been committed." Hollinger v. Home State Mut. Ins. Co., 654 F.3d 564, 569 (5th Cir. 2011) (internal quotations omitted). While the assignment of a five percent interest in the underlying property, as compared to the assignment of a claim, may distinguish Grassi from the instant matter, the Court finds that it is a distinction without difference. See Picquet v. Amoco Prod. Co., 513 F.Supp. 938, 940–41 (M.D.La. 1981) (holding that sole motivation of assignment to nondiverse corporation of 1/108 interest in land central to claim was to defeat diversity jurisdiction). The assignment necessarily granted not only an interest in the land, but also plaintiffs' environmental claims. Considering that this first assignment was followed one day later with the donation of a fractional interest in the LLC to Ryan Spillers, a nondiverse citizen, this Court is left with the firm belief that a mistake has been committed. The Court finds that Grassi is applicable to the instant matter and it is proper for the court to consider the motives underlying the challenged transactions in this case.

In her ruling, Magistrate Judge Hayes held that even if the court had extended Grassi and questioned the motives behind the transactions, the defendants would not meet their burden to prove that the transactions were made principally to defeat diversity. See Record Document 40 at 17. The affidavit of plaintiff Paul Spillers offered reasons for both the assignment and donation that were credible enough to survive the court's scrutiny. See id. at 17-18. However, the undersigned is once again left with the definite and firm conviction that a mistake has been committed. Magistrate Judge Hayes' ruling relied heavily upon the assertions made by Paul Spillers in his affidavit. Given that Mr. Spillers has an interest in having this case heard in state court, this Court finds that defendants should be given the opportunity to conduct very limited discovery regarding Mr. Spillers' affidavit, namely the circumstances surrounding the creation of PDS Lands, PDS Lands' acquisition of a five

percent interest in eight of the twenty-three tracts at issue in this suit, Mr. Spillers' motive in assigning a five percent interest to his children, and the timing of the assignment and donation.

Accordingly, the Court finds that Magistrate Judge Hayes' conclusion regarding the applicability of Grassi and her denial of defendants' request for limited discovery was clearly erroneous. The Magistrate Appeals (Record Documents 42 and 44) are, therefore, **GRANTED** and this matter is hereby **REMANDED** to the Magistrate Judge for further proceedings consistent with the terms of the instant Memorandum Order.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this the 6th day of March, 2013.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE