UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| NICHOLAS WADE SPILLERS, ET AL. | * | CIVIL ACTION NO.  11-2163 |
| VERSUS | * | JUDGE S. MAURICE HICKS |
| CHEVRON U.S.A. INC., ET AL. | * | MAG. JUDGE KAREN L. HAYES |

### SUPPLEMENTAL MEMORANDUM RULING

Before the undersigned magistrate judge, on reference for reconsideration from the District Court, is a Motion to Remand [doc. # 19] filed by Plaintiffs Nicholas Wade Spillers, et al.[1]  Removing Defendants Chevron U.S.A., Inc., et al., oppose the motion.  For reasons stated below, the motion to remand is **GRANTED**.

### BACKGROUND AND PROCEDURAL HISTORY

The statement of the case and the procedural history have already been set forth by the Court in its August 2, 2012, ruling [doc. # 40] and are adopted herein by reference.

On August 17, 2012, removing Defendants appealed the undersigned's decision to the District Court, and on March 6, 2013.  The District Court remanded the case to the undersigned, finding that

> [D]efendants should be given the opportunity to conduct very limited discovery regarding Mr. Spillers' affidavit, namely the circumstances surrounding the creation of PDS Lands, PDS Lands' acquisition of a five percent interest in eight of the

---

[1] As this motion is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and LR 74.1(W).

> twenty-three tracts at issue in this suit, Mr. Spillers' motive in assigning a five percent interest to his children, and the timing of the assignment and donation.

[doc. # 49, P. 6-7]. On March 15, 2013, Defendants were granted 60 days – ultimately extended to June 24, 2013 – to complete discovery. *See* [docs. # 50-54].

After the completion of discovery and supplemental briefing on the issue, the matter is now before the court.

## LAW AND ANALYSIS

This Court has "both the authority and the responsibility, under 28 U.S.C. §§ 1332 and 1441, to examine the motives underlying a partial assignment which destroys diversity and to disregard the assignment in determining jurisdiction if it be found to have been made principally to defeat removal." *Grassi v. Ciba-Geigy, Ltd.*, 894 F.2d 181, 185 (5th Cir. 1990). But unlike the higher burden that applies to improper joinder, "the issue of whether the assignment was improperly or collusively made is to be resolved as a simple question of fact." *Id*. at 186 (citing *Bass v. Tex. Power & Light Co.*, 432 F.2d 763, 766-67 (5th Cir. 1970)). Because Defendants are the party seeking the federal forum they bear the burden of demonstrating that PDS Lands' acquisition of an interest in the property at issue and the subsequent donation to Ryan Spillers were done for the principal purpose of defeating diversity jurisdiction.

Defendants argue in their supplemental brief that the evidence demonstrates "[t]here is no plausible explanation for the August 9, 2011, transfer to PDS Lands, LLC and the subsequent donation of an interest in the business to Ryan Spillers . . . other than an intent to defeat diversity jurisdiction." [doc. # 55, P. 22]. Defendants concede that Plaintiffs have not admitted to making a collusive transfer, but argue that the deposition testimony of plaintiffs Paul Spillers, Nicholas Spillers, and Bobbie Staples contains circumstantial evidence which establishes that the transfer

2

and the subsequent donation were principally made to defeat diversity, specifically pointing to the timing of the transactions, their claim that PDS Lands has subsequently ignored its interest in the property, PDS Lands' lack of ownership in other property, and the transferee plaintiffs' lack of knowledge and inability to explain the details of the transactions.

Because the transactions at issue here do not involve mere assignments of claims, as in *Grassi*, Defendants must persuade the Court that the transferor plaintiffs were motivated to change their ownership interests principally to defeat diversity jurisdiction in this lawsuit, however, as is more fully explained below, the evidence presented does not adequately demonstrate same. Moreover, Defendants have not introduced evidence of a specific motive that Plaintiffs had for avoiding federal court, such as instances in which Plaintiffs received a favorable ruling in state court or adverse rulings in federal court.[2]

Plaintiffs Nicholas Spillers and Bobbie Staples plainly testified that the principal reason for the transfer and assignment to PDS Lands was to ensure the management of the case by their relative and life long attorney, Paul Spillers, who had handled numerous matters for them over many years.[3] *See* [doc. # 55-3, pp. 21-22]; [doc. # 57-9, p. 37]. Paul Spillers himself explained that he has handled many legal matters for family throughout the years, mostly free of charge, or for de minimis compensation. [doc. #57-1, pp.119-120] They explained that they knew he would not accept legal fees from them, but that he was always interested in acquisition of land. They therefore made the transfer and assignment to compensate him both for his past work and for the

---

[2] In fact, Paul Spillers testified that he does not "practice a lot in federal court," and that diversity jurisdiction issues have not "come up in his practice over the years." [doc. # 57-1, P. 46].

[3] Plaintiffs provide a list of legal and business matters Paul Spillers has handled for Plaintiffs Nicholas Spillers and Bobbie Staples. *See* [doc. # 57, P. 9-11].

3

work they anticipated would be needed in the future. [doc. #55-3, pp. 23,32; doc #'s 57-11, 57-12]. Finally, as was pointed out in the original report and recommendation in this case, it was not the transfer to PDS Lands which destroys diversity in this case, it was the donation to Ryan Spillers.

As to PDS Lands' donation of a membership interest to Ryan and Sarah Spillers, Paul Spillers testified that it is his goal to get his children actively involved in the management of his timberland, stating "when you actually bring [your children] into ownership, it . . . encourages them to get involved and to develop an interest in what's going on in the family business." [doc. # 57-1, P. 158]. Additionally, this is not the first time Paul Spillers has donated a small ownership interest to his children in one of his business entities; in fact, in 2006, Spillers donated a 1% membership interest to his children in Paul D. Spillers, LLC. *Id.* at 161. According to Spillers, "there's a well recognized body of knowledge that encourages and recognizes that it's very important to bring children into ownership, give them a say, give them input, give them ownership." *Id.* at 160. Furthermore, Spillers explained the tax benefits and estate planning reasons for the donation:

> If you own land – let's say you have 100 acres of land that you individually own and you die, that asset . . . must be valued at fair market value on the date of death, and you pay an estate tax based on the value of that land as of the date of death.
>
> Now, if you take that land prior to your date of death and put it into an LLC, and then you die, after having donated some interest to children so that you don't own 100 percent . . . the asset that must be included in your estate for estate tax purposes is that interest that you own in the LLC; not the land, but it's the interest in the LLC.
>
> And due to my experience, the value of that interest can be significantly discounted. For tax purposes, it's discounted substantially. That results in estate tax savings.

*Id.* at 122-23. The undersigned agrees and accepts the premise that a partial interest in an asset is

4

subject to a substantial discount for tax purposes because it is less attractive to potential purchasers and therefore its fair market value is less. When asked why he waited until August 2011 to donate the 5% ownership interest in PDS Lands, Spillers testified that he "simply overlooked it" and it came to his attention "when [he] took the assignment . . . and that precipitated [his] desire to make the donation." *Id.* at 124-25. It should also be noted that the property at issue herein was not PDS Lands' only asset at the time of the donation. The undisputed testimony of Paul Spillers was that he created PDS Lands, LLC, in 2000 in order to prevent commingling of his separate property from his former community assets and to purchase and manage land holdings following his divorce, and that the entity acquired at least one other tract, located in West Carroll Parish, prior to the 2011 donation to his children.[doc. # 57-1 at pp. 72-73 and76-78] In addition, although it sold the surface property in 2012, PDS Lands still retains mineral rights in the West Carroll Parish property. [doc.# 57-1 at p.56] Defendants have failed to produce any evidence to controvert this testimony.

 Given the fact that Paul Spillers' donations to his children were in keeping with his prior donations to them of interests in Paul D. Spillers, LLC, and without stronger circumstantial evidence of motive, or proof of a more specific motive for avoiding federal court, Defendants have not met their burden of establishing that Plaintiffs' principal purpose in the PDS Lands transactions was to destroy diversity jurisdiction in this case. Although the circumstantial evidence permits the inference that the PDS Lands transactions could have been motivated in part by Plaintiffs' desire to litigate in state court, Defendants have not shown that the transactions were made "**principally** to defeat [diversity]." *Grassi*, 894 F.2d at 185 (emphasis added). For these reasons, Defendants have not met their burden to establish that removal jurisdiction exists

on the basis of diversity, and the motion to remand is therefore **GRANTED**.

## CONCLUSION

Accordingly,

The motion to remand [doc. # 19] filed by Plaintiffs Nicholas Spillers, et. al., is hereby **GRANTED**; the case shall be **REMANDED** to the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana.

**THUS DONE AND SIGNED** at Monroe, Louisiana, this 6th day of August, 2013.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE