UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| NICHOLAS WADE SPILLERS, ET AL. | CIVIL ACTION NO. 11-2163 |
| VERSUS | JUDGE S. MAURICE HICKS. JR. |
| CHEVRON USA INC., ET AL. | MAGISTRATE JUDGE HAYES |

**MEMORANDUM ORDER**

Before the Court is a Magistrate Appeal (Record Document 60) filed by Defendants Chevron U.S.A. Inc. and Union Oil Company of California (collectively "Defendants"). Defendants appeal from the Supplemental Memorandum Ruling and Judgment of Remand issued on August 21, 2013, by Magistrate Judge Hayes. See Record Documents 58 & 59. Magistrate Judge Hayes remanded the above-captioned action to the 4th Judicial District Court for the Parish of Ouachita, State of Louisiana. See Record Document 59. The remand was based on her conclusion that Defendants did not meet "their burden of establishing that Plaintiffs' principal purpose in the PDS Lands, LLC transactions was to destroy diversity jurisdiction." Record Document 58 at 5.

The facts and procedural history of this case have been set forth by this Court in multiple rulings and are adopted herein by reference. See Record Documents 40, 49 & 58. In March 2013, the undersigned remanded this matter to Magistrate Judge Hayes to allow for the application of Grassi v. Ciba-Geigy PLC, 894 F.2d 181 (5th Cir. 1990), and limited discovery as to the motive behind certain assignments. See Record Document 49. Magistrate Judge Hayes set a deadline for discovery and the submission of supplemental memoranda and evidence. See Record Document 50. After completion of discovery[1] and

---

[1] Defendants deposed PDS Lands, LLC, Paul Spillers, Nicholas Wade Spillers, and Bobbie Spillers Staples. See Record Document 60 at 3. Additionally, Plaintiffs produced

supplemental briefing, Magistrate Judge Hayes issued a Supplemental Memorandum Ruling and Judgment of Remand, from which Defendants now appeal. See Record Documents 58, 59 & 60.

As stated in the previous Memorandum Order (Record Document 49), Magistrate Judge Hayes' Judgment of Remand was a non-dispositive matter.[2] The action taken in the Judgment of Remand is not listed in 28 U.S.C. § 636(b)(1)(A) as one of the dispositive motions (often referred to as the "excepted motions") that a magistrate judge may not decide. Magistrate Judge Hayes' Judgment of Remand was not a recommendation to the district court; rather, it was an order from the magistrate judge on a non-dispositive matter that requires the district court to uphold the ruling unless it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); see also Castillo v. Frank, 70 F.3d 382, 385 (5th Cir.1995) and Perales v. Casillas, 950 F.2d 1066, 1070 (5th Cir.1992). This Court will review Magistrate Judge Hayes' legal conclusions de novo, and will review her factual findings for clear error. See Choate v. State Farm Lloyds, No. 03–2111, 2005 WL 1109432, *1 (N.D.Tex. May 5, 2005). "Clear error exists when although there may be evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." Hollinger v. Home State Mut. Ins. Co., 654 F.3d 564, 569 (5th Cir. 2011) (internal quotations omitted).

---

documents pertinent to the issues under examination. See id.

[2]In the Fifth Circuit, a Magistrate Judge may rule on a motion to remand as long as review of the ruling by the district court is not foreclosed. See Escuadra v. Geovera Specialty Ins. Co., 739 F.Supp.2d 967, 971–972 (E.D.Tex.2010). Here, the undersigned notes that the Judgment of Remand specifically allowed an appeal to the District Judge and further stayed the Judgment of Remand until any appeal to the District Judge was decided. See Record Document 59.

On appeal, Defendants contend that they have shown by a clear preponderance of the evidence that the assignment by Nicholas Spillers and Bobbie Spillers Staples to PDS Lands and the subsequent donation by PDS Lands, LLC ("PDS Lands") to Ryan Spillers were made principally to defeat removal. See Record Document 60-1 at 1. Defendants maintain that Magistrate Judge Hayes clearly erred by according improper weight to Plaintiffs' *post hoc* justification for the assignments, and by failing to consider whether the available evidence actually supported that explanation. See id. at 1-2. Finally, Defendants argue that Magistrate Judge Hayes clearly failed to follow the guidelines established in Grassi. See id at 2.

Conversely, Plaintiffs contend that the evidence adduced by Defendants "establishes that the assignment and donation were not made principally to defeat removal." Record Document 62 at 16. Pointing to the Spillers' family history and to the deposition testimony of Paul Spillers, Bobbie Spillers Staples, and Nicholas Spillers, Plaintiffs argue that the evidence developed through the jurisdictional discovery fails to support Defendants' "speculative" theory of improper or collusive assignment. Id. at 25.

This Court will first focus on Magistrate Judge Hayes' application of Grassi. The Grassi court "recognized the authority of federal courts to protect their own jurisdiction." Grassi, 894 F.2d at 185. The court went on to "hold that federal district courts have both the authority and the responsibility, under 28 U.S.C. §§ 1332 and 1441, to examine the motives underlying a partial assignment which destroys diversity and to disregard the assignment in determining jurisdiction if it be found to have been *made principally* to defeat removal." Id. (emphasis added). "[T]he issue of whether [an] assignment was improperly or collusively made is to be resolved as a simple question of fact." Grassi, 894 F.2d at 186, citing Bass

v. Texas Power & Light Co., 432 F.2d 763, 766–767 (5th Cir.1970).  Additionally, as Defendants are the parties asserting federal subject-matter jurisdiction, they bear the burden of proving that its requirements are met.  Willoughby v. U.S. ex rel. U.S. Dep't of the Army, 730 F.3d 476, 479 (5th Cir. 2013).  More specifically, as noted by the Magistrate Judge, "they bear the burden of demonstrating that PDS Lands' acquisition of an interest in the property at issue and the subsequent donation to Ryan Spillers were done for the principal purpose of defeating diversity jurisdiction."  Record Document 58 at 2.

This Court finds that Magistrate Judge Hayes' application of Grassi was neither clearly erroneous nor contrary to law.  She considered all of the evidence presented by the parties following discovery and properly applied Grassi in light of such evidence.  Her conclusion that Defendants failed to adequately demonstrate that the transferor Plaintiffs were motivated to change their ownership interests principally to defeat diversity is supported by the entirety of the record.  It is true that circumstantial evidence, such as the timing of the transactions,[3] exists to support the inference of a collusive assignment and subsequent donation. Notwithstanding, Nicholas Spillers and Bobbie Spillers Staples plainly testified that their principal reason for the transfer/assignment to PDS Lands was to ensure the management of the case by their relative and lifelong attorney, Paul Spillers, who had handled numerous matters for them over many years.  See Record Document 55-3 at 21-22; Record Document 57-9 at 39.  The record further reflects that Nicholas Spillers and

---

[3]During his deposition as part of the limited discovery, Paul Spillers was asked why he waited until August 2011 to donate the 5% ownership interest in PDS Lands.  See Record Document 57-1 at 124-125.  He responded that he "simply overlooked it" and it came to his attention "when [he] took the assignment . . . and that precipitated [his] desire to make the donation."  Id.

Bobbie Spillers Staples knew that Paul Spillers would only accept lunches or de minimis legal fees; however, he was always interested in the acquisition of land.[4] See Record Document 57-1 at 119-120. According to Nicholas Spillers and Bobbie Spillers Staples, the transfer to PDS Lands was, therefore, made to compensate Paul Spillers for past work, present work, and future work they anticipated would be needed.[5] See Record Document 55-3 at 23-32.

The Court will now turn to PDS Lands' donation of a membership interest to Ryan and Sarah Spillers, the children of Paul Spillers. Paul Spillers created PDS Lands in 2000 in order to prevent commingling of his separate property from his former community assets. See Record Document 57-1 at 71; Record Document 58 at 5. Since that time, PDS Lands has, among other things, acquired and sold property, leased property for hunting, planted trees and managed timber, incurred debt, paid taxes, employed contractors, participated in the Conservation Reserve Program ("CRP"), entered into CRP contracts, and provided consultation services. See Record Documents 57-1; Record Document 57-5, Exhibit 3; Record Document 57-16. In his deposition, Paul Spillers testified that there were multiple

---

[4] Paul Spillers is an attorney. He also holds undergraduate and graduate degrees in agricultural economics. The record reveals that he is heavily involved in the land and timber business. Over the years, he has acquired substantial acreage of timberland in Louisiana and Mississippi. He uses this land for hunting, tree farming, and investment purposes. He personally manages his land, selects and plants his own trees and wildlife food plots, and marks timber for harvest. He is the President of the Northeast Louisiana Timberland Owners Association and serves on the Executive Committee for the Louisiana Forestry Association. The record clearly evidences that Paul Spillers is knowledgeable about land and timber management. See generally Record Document 57-1.

[5] As noted by the Magistrate Judge, the initial transfer to PDS Lands did not destroy diversity. See Record Document 58 at 4. The later donation to Ryan Spillers defeated diversity. See id.

reasons for the donation, including estate tax issues and estate tax savings. See Record Document 57-1 at 158. He explained the tax benefits and estate planning reasons for the donation in great detail:

> If you own land – let's say you have 100 acres of land that you individually own and you die, that asset . . . must be valued at fair market value on the date of death, and you pay an estate tax based on the value of that land as of the date of death.
>
> Now, if you take that land prior to your date of death and put it into an LLC, and then
> you die, after having donated some interest to children so that you don't own 100 percent . . . the asset that must be included in your estate for estate tax purposes is that interest that you own in the LLC; not the land, but it's the interest in the LLC.
>
> And due to my experience, the value of that interest can be significantly discounted. For tax purposes, it's discounted substantially. That results in estate tax savings.

Id. at 121-122.

Paul Spillers further stated that the donation was based on his experience that "when you bring your kids into the family business . . . when you actually bring them into ownership, it encourages them - - it stimulates their interest, it encourages them to get involved and to develop an interest in what's going on in the family business." Id. at 158. More specifically, he wanted his "children to get interested in the land business and to develop the same passion for it that [he has]." Id. In fact, the record reflects that in 2006, Paul Spillers donated a 1% ownership interest to his children in Paul D. Spillers, LLC, also based on his belief that there's "a much better probability of your ownership structure surviving into the next generation and maybe beyond one generation . . ." if "you bring your children into the ownership structure." Id. at 160. He further explained that his children bring considerable assets to the table, as his daughter is an attorney and his son is in

marketing and possesses good computer skills. See id. at 158-159.

This Court agrees with Magistrate Judge Hayes' finding that Defendants have simply failed to produce any evidence to controvert the deposition testimony of Nicholas Spillers, Bobbie Spillers Staples, and Paul Spillers. The August 2011 donation to his children was in keeping with Paul Spillers' prior donation of an ownership interest in Paul D. Spillers, LLC, and with his strong desire for his children to become involved in the land and timber business. Therefore, this Court concurs with Magistrate Judge Hayes' holding:

> [W]ithout stronger circumstantial evidence of motive, or proof of a more specific motive for avoiding federal court, Defendants have not met their burden of establishing that Plaintiffs' principal purpose in the PDS Lands transactions was to destroy diversity jurisdiction in this case. Although the circumstantial evidence permits the inference that the PDS Lands transactions could have been motivated in part by Plaintiffs' desire to litigate in state court, Defendants have not shown that the transactions were made "**principally** to defeat [diversity]." Grassi, 894 F.2d at 185 (emphasis added).

Record Document 58 at 5.

Accordingly, the Court finds that Magistrate Judge Hayes' Judgment of Remand (Record Document 59) was not clearly erroneous or contrary to law. The Magistrate Appeal (Record Document 60) is **DENIED** and this matter is hereby **REMANDED** to the 4th Judicial District Court for the Parish of Ouachita, State of Louisiana.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this the 14th day of February, 2014.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE